IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 13-cv-01140-REB-BNB

ALAN DEATLEY,

Plaintiff,

v.

MARTIN STUART, an individual, and
JOLIE MASTERSON, an individual,

Defendants.
_____

# ORDER
_____

This matter arises on the following:

(1)  **Plaintiff DeAtley's Motion for Stay** [Doc. # 20, filed 7/22/2013] (the "Motion to Stay");

(2)  **Defendants' Motion for Cost Bond** [Doc. # 24, filed 8/7/2013]; and (the "Motion for Cost Bond"); and

(3)  **Defendants' Motion to Dismiss for Failure to File Certificate of Review** [Doc. # 30, filed 8/14/2013] (the "Motion to Dismiss").

The Motion to Stay [Doc. # 20] is DENIED. The Motion for Cost Bond [Doc. # 24] is GRANTED, and the plaintiff is required to post a cost bond in the amount of $100,000.00. Finally, pursuant to section 13-20-602(3)(b), C.R.S., I will require that Mr. DeAtley identify the licensed professional he consulted, certify the professional's expertise in the area of the alleged professional negligence, and provide the analysis of the professional consulted resulting in the professional's conclusion that the defendants were negligent--that they owed Mr. DeAtley a

duty, the manner in which they breached the duty, and an explanation of how the breach resulted in an injury to Mr. DeAtley.

In this action brought, *pro se,* Mr. DeAtley alleges malpractice by his Colorado criminal defense counsel in a Colorado state prosecution. This case was commenced in the United States District Court for the Eastern District of Washington and transferred to this court based on a finding that the exercise of jurisdiction by a Washington court would not be reasonable because of "the complete lack of facts in the Complaint as to any conduct by Defendants in Washington." Order [Doc. # 1] at p. 5.

I. Motion to Stay [Doc. # 20]

Mr. DeAtley seeks to stay this action while the state prosecution is pending, arguing that "there is no practical way to proceed . . . without waiving [his] Fifth Amendment privileges or otherwise jeopardizing his rights for impliedly waiving the attorney-client privilege." Motion to Stay [Doc. # 20] at p. 6.

Mr. DeAtley has another civil action pending in this court where he has sued Keybank in an attempt to prevent the foreclosure on real property located in Jackson County, Colorado. DeAtley v. Keybank National Association, Case No. 12-cv-02973-PAB-BNB. Mr. DeAtley sought to stay that action based on an argument similar to the one made here. I denied the request for stay in the Keybank case, finding:

> It is apparent to me that Mr. DeAtley is engaged in abusive litigation tactics for the improper purpose of manipulating the judicial system to delay both Keybank's attempts to pursue its foreclosure action and the state criminal prosecution. Mr. DeAtley has refused to engage substitute defense counsel in the state criminal prosecution, bringing that action to a stop. In the meantime, he commenced this action alleging misconduct by Keybank, which resulted in Keybank's withdrawal of its

2

> foreclosure action. Now Mr. DeAtley seeks to postpone
> indefinitely this action until resolution of the criminal case,
> progress of which he has stymied. I do not intend to facilitate Mr.
> DeAtley's improper manipulation of the judicial system.

This action, alleging malpractice against his Colorado criminal defense counsel in the state prosecution, is part-and-parcel of Mr. DeAtley's abusive litigation strategy. Mr. DeAtley refuses in the state prosecution to proceed *pro se* or to retain substitute counsel. Through this malpractice action, he makes it impossible for his current criminal counsel to represent him in the state prosecution. And now he seeks to postpone this malpractice action until the criminal case he has stymied is resolved. Here, as in the Keybank case, I do not intend to facilitate Mr. DeAtley's improper manipulation of the judicial system.

## II. Motion for Cost Bond

The defendants request an order requiring Mr. DeAtley to post a cost bond in the amount of $100,000, arguing:

> (1) substantial costs will be incurred by the defense to prepare for this trial; (2) the claims brought against these Defendants lack true merit; and (3) Plaintiff's immersion in **six** other cases pending in Colorado state and federal courts and Washington federal court are clearly consuming significant amounts of Plaintiff's financial resources, which will likely leave Plaintiff without means to satisfy the inevitable judgment for costs that will be imposed against him.

Motion for Cost Bond [Doc. # 24] at p. 2 (original emphasis).

There is no provision in the Federal Rules of Civil Procedure, any applicable federal statute, or the local rules of this court requiring the posting of a cost bond. See Hartnett v. Catholic Health Initiatives Mountain Region, 47 F. Supp. 2d 1255, 1256 (D. Colo. 1999). The Colorado cost bond statute, section 13-16-102, C.R.S., is procedural in nature and does not apply in this diversity action. Id. Consequently, the decision of whether to require a pre-judgment cost

bond is within a federal trial court's discretion.  Id. (citing Paramount Film Dist. Corp. v. Civic Center Theatre, 333 F.2d 358, 362 (10th Cir. 1964).)  Factors to be considered include "(1) the merits of [plaintiff's] claim; (2) the ability or willingness of [plaintiff] to pay any costs which might be assessed; and (3) substantial costs which might be incurred by defendant during preparation for trial."  Hartnett, 47 F. Supp. 2d at 1256.

I am persuaded that the plaintiff, a resident of Washington State, should be required to post a bond for pre-judgment costs.  First, I have found that this action is part-and-parcel of Mr. DeAtley's abusive litigation strategy to postpone the state prosecution and foreclosure of his property in Jackson County, Colorado.  In addition, Mr. DeAtley concedes in his Response [Doc. # 38] that he lacks sufficient resources to post a cost bond, id. at pp. 1-2, and therefore to pay any costs which might be awarded against him.  Finally, I agree with the defendants that there are likely to be substantial costs incurred in connection with their defense of this case.  The defendants estimate those costs at $100,000, and Mr. DeAtley offers no argument to the contrary.

### III.  Motion to Dismiss

Finally, the defendants move to dismiss this malpractice action based on Mr. DeAtley's failure to comply with the requirements of section 13-20-602, C.R.S., which provides:

> (1)(a) In every action for damages or indemnity based upon the alleged professional negligence of . . . a licensed professional, the plaintiff's . . . attorney shall file with the court a certificate of review for each . . . licensed professional named as a party, as specified in subsection (3) of this section, within sixty days after the service of the complaint . . . unless the court determines that a longer period is necessary for good cause.
>        \*   \*   \*
> (2) In the event of failure to file a certificate of review in accordance with this section and if the . . . licensed professional

> defending the claim believes that an expert is necessary to prove the claim of professional negligence, the defense may move the court for an order requiring filing of such a certificate. The court shall give priority to deciding such a motion, and in no event shall the court allow the case to be set for trial without a decision on such motion.
>
> (3)(a) A certificate of review shall be executed by the attorney for the plaintiff . . . declaring:
>
> (I) That the attorney has consulted a person who has expertise in the area of the alleged negligent conduct; and
>
> (II) That the professional who has been consult pursuant to subparagraph (I) of this paragraph (a) has reviewed the known facts, including such records, documents, and other materials which the professional has found to be relevant to the allegations of negligent conduct and, based on the review of such facts, has concluded that the filing of the claim . . . does not lack substantial justification. . . .
>
> (b) The court, in its discretion, may require the identity of the . . . licensed professional who was consulted pursuant to subparagraph (I) of paragraph (a) of this section (3) to be disclosed to the court and may verify the content of such certificate of review. The identity of the professional need not be identified to the opposing party or parties in the civil action.
>
> (c) In an action alleging professional negligence . . . against any other professional [besides a physician], [the certificate of review shall declare] that the person consulted can demonstrate by competent evidence that, as a result of training, education, knowledge, and experience, the consultant is competent to express an opinion as to the negligent conduct alleged.
>
> (4) The failure to file a certificate of review in accordance with this section shall result in the dismissal of the complaint. . . .

The certificate of review statute applies in federal diversity cases. <u>Trierweiler v. Croxton and Trench Holding Corp.</u>, 90 F.3d 1523, 1541 (10th Cir. 1996). It applies in legal malpractice cases. <u>Kelton v. Ramsey</u>, 961 P.2d 569, 571 (Colo. App. 1998). Although the statute speaks in

terms of requiring a filing by "the attorney for the plaintiff," section 13-20-602(3)(a), C.R.S., "the requirements of the certificate of review statute are applicable to civil actions alleging negligence of licensed professionals filed by nonattorney pro se plaintiffs." Yadon v. Southward, 64 P.3d 909, 912 (Colo. 2002). The purpose of requiring a certificate of review is to "prevent the filing of frivolous professional malpractice actions, to avoid unnecessary time and costs in defending professional negligence claims, and to reduce the resulting costs to society. . . ." Williams v. Boyle, 72 P.3d 392, 396 (Colo. App. 2003).

The Motion to Dismiss [Doc. # 30] was filed on August 14, 2013. The next day, Mr. DeAtley filed a Certificate of Review [Doc. # 33] which states in its entirety:

> Pursuant to C.R.S. § 13-20-602, the undersigned Plaintiff certifies that he has consulted with professionals who have expertise in the area of conduct alleged in this suit to be negligent, that the professionals who were consulted reviewed the known facts, including physical examination, records, documents and other materials which the professionals found to be relevant to the allegations of negligent conduct and, that based on the review of the facts, the professionals concluded that the filing of the claim in this civil action did not lack substantial justification within the meaning of C.R.S. § 13-17-102(4).

Id.

The defendants are not satisfied, arguing:

> Defendants have a good faith reason to believe that [Dan Bariault] is the professional referenced in Plaintiff's Certificate of Review who reviewed the merits of Plaintiff's claims against Defendants. Therefore, Plaintiff's Certificate of Review likely is insufficient to satisfy the requirements of Colorado law because, as set forth in more detail below, Mr. Bariault is Plaintiff's counsel in numerous other matters pending before various courts and has also provided substantial assistance to Plaintiff **in this case**, although without entering an appearance. Consequently, Mr. Bariault is unable to provide an independent review and analysis of Plaintiff's claims in this case and, therefore, if Mr. Bariault is indeed Plaintiff's

> > reviewing professional, Plaintiff's Complaint must be dismissed
> > for failure to file a Certificate of Review in compliance with
> > Colorado law.

Defendants' Supplemental Brief [Doc. # 37] at pp. 1-2 (original emphasis).  In addition, the

defendants argue that the Certificate of Review does not meet the requirements articulated in

Redden v. SCI Colorado Funeral Services, Inc., 38 P.3d 75, 82-83 (Colo. 2001), where the

Colorado Supreme Court instructed:

> > SCI's first "Certificate of Review" was a mere one-paragraph
> > statement that precisely mirrored section 13-20-602(3)(a)(I)-(II), 5
> > C.R.S. (2001).  It failed to declare the competency of the expert
> > consulted, as required by paragraph 602(3)(c). . . .
> >
> > The statute requires that the certificate of review state the
> > competence of the expert to opine on the alleged negligent
> > conduct. §13-20-602(3)(c).  Nowhere does the statute require the
> > consulted expert to be of precisely the same profession or specialty
> > as the licensed professional against whom the charge is leveled,
> > but paragraph 602(3)(c) does direct trial courts to examine the
> > certificate to assure that it identifies the necessary expertise.  The
> > language, "competent to express an opinion *as to the negligent
> > conduct alleged*," precludes the use of an expert with only general
> > knowledge in the field; rather, a proper expert has a firm grasp on
> > the appropriate standards, techniques and practices with the
> > profession or specialty about which he or she in opining.
> >
> > * * *
> >
> > Nonetheless, there is another problem with the submission.
> > Specifically, there is again a failure to show negligence or fault. . .
> > . While we observe that initially the statute requires counsel only
> > to "declare" that an expert has determined a negligence claim has
> > merit, once a court seeks verification, it is incumbent upon counsel
> > to substantiate the certificate by demonstrating that a duly
> > qualified expert does not consider the claim to be without
> > "substantial justification." §13-20-602(3)(a)(II). . . . [I]t is not
> > enough that the other professional state that the [defendant] may
> > have had a causal relationship to the injury; rather, the other
> > professional must conclude that the [defendant] was at fault--that it
> > owed the plaintiff a duty, it breached that duty when compared to
> > the standard of care appropriate to the profession, and its breach
> > caused plaintiff's alleged injury.

(Original emphasis.)

I agree with the defendants that, under the facts and circumstances of this case and in view of the summary nature of Mr. DeAtley's Certificate of Review, I should exercise my discretion and require that Mr. DeAtley disclose the identity of the licensed professional he consulted and verify the content of the Certificate of Review.[1]

IT IS ORDERED:

(1)   The Motion to Stay [Doc. # 20] is DENIED.

(2)   The Motion for Cost Bond [Doc. # 24] is GRANTED.  On or before November 12, 2013, Mr. DeAtley shall post a cost bond in the amount of $100,000.00 with the Clerk of the Court.

(3)   Pursuant to section 13-20-602(3)(b), C.R.S., on or before November 12, 2013, Mr. DeAtley shall file a supplemental certificate of review which identifies by name and address the licensed professional consulted; certifies the professional's expertise in the area of the alleged professional negligence; and provides the professional's analysis resulting in the conclusion that the defendants owed Mr. DeAtley a duty, the manner in which they breached the duty, and an explanation of how the breach resulted in an injury to Mr. DeAtley.  The supplemental certificate
of review shall be filed Restricted Level 2.  See D.C.COLO.LCivR 7.2B(5).  Failure to comply with this requirement will result in my recommendation that the case be dismissed pursuant to

---

[1] The defendants also seek dismissal of the case because the Certificate of Review was submitted more than 60 days after service of the Complaint.  I find that Mr. DeAtley's *pro se* status constitutes good cause to conclude that extending the deadline is necessary.  I decline to recommend dismissal of the action because the Certificate of Review is untimely.

section 13-20-602(4), C.R.S.

Dated October 28, 2013.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge