IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 13-cv-01140-REB-BNB

ALAN DEATLEY,

Plaintiff,

v.

MARTIN STUART, an individual, and
JOLIE MASTERSON, an individual,

Defendants.

_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
### AND ORDER

_____

This matter arises on the plaintiff's **Motion for Reconsideration** [Doc. # 49, filed 11/13/2013], which is DENIED.  In view of my decision to deny the Motion for Reconsideration and the fact that the plaintiff has failed to post a cost bond as ordered, I respectfully RECOMMEND that this action be DISMISSED WITHOUT PREJUDICE.

I previously granted the defendants' Motion for Cost Bond, Order [Doc. # 43], and required the plaintiff to post a cost bond in the amount of $100,000 on or before November 12, 2013.  In doing that, I found that (1) the plaintiff's claims lack merit and are brought as part-and-parcel of his abusive litigation strategy to postpone a state prosecution and a foreclosure of his real property in Jackson County, Colorado; (2) the plaintiff lacks sufficient resources to pay costs which might be awarded against him; and (3) the defendants are likely to incur substantial costs in their defense of this case.

The plaintiff has been unable to secure a cost bond, Motion for Reconsideration [Doc. #

49] at ¶2, and he asks that I reconsider my order requiring one.  Id. at ¶3.  In support, he points to

the declarations of Pauline V. Smetka [Doc. # 47-1] and J. Daniel Bariault [Doc. # 47-2].  Ms

Smetka states in her declaration that the plaintiff's Colorado criminal defense lawyers failed to

gather and review voluminous documents concerning conservation easements which may be

relevant to the Colorado criminal prosecution of Mr. DeAtley.  Mr. Bariault states in his

declaration that "[a]lthough I am not a criminal law expert, any law student should be able to

determine that it would be negligent to go into a criminal tax case, one alleging theft, forgery,

and tax evasion, among other counts, having completed only a fraction of discovery, not having

the underlying accounting records, not having engaged a tax or handwriting expert, and as a

result of not knowing the scope of the case, failing to advise the court of a reasonable trial length

for a case that involves millions of documents and dozens of witnesses."  Bariault Decl. [Doc. #

47-2] at pp.2-3.  Significantly, however, Mr. Bariault, a civil litigator who offices in Seattle,

Washington, does not opine directly that Mr. DeAtley's Colorado criminal defense counsel were

negligent in their representation.

Mr. Bariault also states:

> In light of the outstanding criminal indictment, Mr. DeAtley has
> not been allowed to speak in his defense. . . .  This situation has
> prevented the courts in the civil cases from hearing Mr. DeAtley's
> side of the facts. . . .  As a result of this one-sided story, this Court,
> understandably, has concluded that Mr. DeAtley is manipulating
> the system and has affirmatively chosen not to seek replacement
> criminal counsel.  With all due respect for this Court, nothing
> could be further from the truth. I believe that Mr. DeAtley has
> made every good faith effort to find criminal counsel willing to
> assume his case, but under the current circumstances wherein no
> direction is available from any court as to the conditions of
> assumed representation and the issues before the Colorado
> Supreme Court, no attorney will [sic] to assume the case has been
> found.

Id. at pp. 6-7.  These are mere conclusions, however, and Mr. Bariault has failed to present any evidence of the number of lawyers, if any, Mr. DeAtley has contacted; failed to identify any of them; apparently has not spoken to any of them; and can only offer assumptions about the concerns potential substitute counsel may have in taking over the representation.

"Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.  Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law."  Servants of the Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000)(internal citations omitted).  A motion for reconsideration is not appropriate when the movant seeks to revisit issues already addressed or to advance arguments that could have been raised in prior briefing.  Id.

Nothing contained in the Motion for Reconsideration persuades me that I misapprehended the facts, Mr. DeAtley's position, or the controlling law.  Consequently, reconsideration is not appropriate.

The purpose of the cost bond I ordered is to protect the defendants from costs which they likely will incur in defending this abusive action.  Mr. DeAtley has admitted that he lacks the funds to procure a cost bond, Response [Doc. # 38] at p. 2, which necessarily implies that he lacks the funds to pay costs which may be awarded against him.  Under these circumstances, it is unfair and inappropriate to require the defendants to continue their defense.

IT IS ORDERED that the Motion for Reconsideration [Doc. # 49] is DENIED.

In addition, I respectfully RECOMMEND that this case be dismissed without prejudice

based on the plaintiff's failure to post a cost bond as ordered.[1]

     Dated November 15, 2013.

BY THE COURT:

 s/ Boyd N. Boland         
United States Magistrate Judge

---

[1]Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  Makin v. Colorado Dept. of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).