**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 1:13-cv-01140-REB-BNB

ALAN DEATLEY, an individual,

      Plaintiff,

v.

MARTIN STUART, an individual, and
JOLIE MASTERSON, an individual,

      Defendants.

---

## ORDER ADOPTING RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

---

Blackburn, J.

      This matter is before me on the following: (1) **Defendants' Motion To Dismiss for Failure To File Certificate of Review** [#30][1] filed August 14, 2013; and (2) the **Recommendation of United States Magistrate Judge and Order** [#51] filed November 15, 2013.  The defendants filed a supplement [#37] to their motion to dismiss, the plaintiff filed a response [#39] to the motion to dismiss, and the defendants filed a reply [#41].  Additional filings relevant to the motion to dismiss are noted below. I overrule the objections, approve and adopt the recommendation, dismiss this case without prejudice, and deny the motion to dismiss as moot.

      As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which objections have been filed. Thus, I have considered carefully

---

[1]    "[#30]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

the recommendation, objections, and applicable caselaw.

The plaintiff is proceeding *pro se*. Thus, I have construed his pleadings and other filings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers. ***See Erickson v. Pardus***, 551 U.S. 89, 94 (2007); ***Andrews v. Heaton***, 483 F.3d 1070, 1076 (10th Cir. 2007); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991).

This is a professional negligence case in which the plaintiff, Alan DeAtley, alleges that the defendants, who are attorneys hired by Mr. DeAtley to represent him in a criminal case, were negligent in investigating the case and in defending Mr. DeAtley.  In addition, Mr. DeAtley asserts a breach of contract claim.

In an earlier order [#43], the magistrate judge denied the motion [#20] of Mr. DeAtley to stay this case.  Addressing that motion, the magistrate judge reiterated his findings in a related case filed by Mr. DeAtley:

> It is apparent to me that Mr. DeAtley is engaged in abusive litigation tactics for the improper purpose of manipulating the judicial system to delay both Keybank's attempts to pursue its foreclosure action and the state criminal prosecution. Mr. DeAtley has refused to engage substitute defense counsel in the state criminal prosecution, bringing that action to a stop. In the meantime, he commenced this action alleging misconduct by Keybank, which resulted in Keybank's withdrawal of its foreclosure action. Now Mr. DeAtley seeks to postpone indefinitely this action until resolution of the criminal case, progress of which he has stymied. I do not intend to facilitate Mr. DeAtley's improper manipulation of the judicial system.

*Order* [#43], pp. 2 -3.  Addressing the above-captioned case, the magistrate judge concluded that this case,

> alleging malpractice against [Mr. DeAtley's] Colorado criminal defense counsel in the state prosecution, is part-and-parcel of Mr. DeAtley's abusive litigation strategy. Mr. DeAtley refuses in the state prosecution to proceed pro se or to retain substitute counsel. Through this malpractice action, he makes it impossible for his current criminal counsel to represent

him in the state prosecution. And now he seeks to postpone this
malpractice action until the criminal case he has stymied is resolved.
Here, as in the Keybank case, I do not intend to facilitate Mr. DeAtley's
improper manipulation of the judicial system.

*Id.*, p. 3.

Applying the relevant standards, the magistrate judge granted the motion to

require a cost bond based on the conclusions stated below:

> I am persuaded that the plaintiff, a resident of Washington State,
> should be required to post a bond for pre-judgment costs. First, I have
> found that this action is part-and-parcel of Mr. DeAtley's abusive litigation
> strategy to postpone the state prosecution and foreclosure of his property
> in Jackson County, Colorado. In addition, Mr. DeAtley concedes in his
> Response [Doc. # 38] that he lacks sufficient resources to post a cost
> bond, id. at pp. 1-2, and therefore to pay any costs which might be
> awarded against him. Finally, I agree with the defendants that there are
> likely to be substantial costs incurred in connection with their defense of
> this case. The defendants estimate those costs at $100,000, and Mr.
> DeAtley offers no argument to the contrary.

*Order* [#43] filed October 28, 2013, p. 4.

Mr. DeAtley has not filed a cost bond and contends he is not able to file such a

bond.  The magistrate judge recommends that this case be dismissed without prejudice

based on the failure of Mr. DeAtley to file a cost bond.  In determining whether it is

appropriate to dismiss a case as a sanction for the failure of a party to comply with a

court order, I must evaluate several factors:

> (1) the degree of actual prejudice to the defendant; (2) the
> amount of interference with the judicial process; (3) the
> culpability of the litigant; (4) whether the court warned the
> party in advance that dismissal of the action would be a
> likely sanction for non-compliance; and (5) the efficacy of
> lesser sanctions.

*Gripe v. City of Enid, Okl.*,  312 F.3d 1184, 1188 (10th Cir. 2002), citing *Ehrenhaus v.*

*Reynolds*,  965 F.2d 916, 918 (10th Cir. 1992).  These criteria are known as the

*Ehrenhaus* factors.  "These factors do not create a rigid test; rather, they represent criteria for the district court to consider prior to imposing dismissal as a sanction." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992).  Dismissal is an appropriate sanction if, after considering all of the factors, the court "concludes that dismissal alone would satisfy the interests of justice."  *Id*.  Applying these factors, I conclude that dismissal is an appropriate sanction in this case.

1. Degree of actual prejudice to the defendant - The defendants are tied in the vast knot of litigation created by the plaintiff, Mr. DeAtley.  As described by the magistrate judge, Mr. DeAtley consistently seeks to delay and prolong both his civil cases and the criminal prosecution against him.  During this time, the defendants in this case necessarily will continue to incur substantial costs defending this case.  Given these unique circumstances, the failure of Mr. DeAtley to file a cost bond exposes the defendants to prejudice in a potent form – incurring substantial financial obligations caused by the abusive litigation strategy of Mr. DeAtley without any real prospect that the defendants will be able to recover those costs from Mr. DeAtley, if they are awarded.

2. Amount of interference with the judicial process - By definition, failure to comply with an order of the court constitutes interference with the judicial process.  The record in this case leaves no doubt that Mr. DeAtley has interfered with the judicial process in this case.  The amount of interference is substantial.  As noted above, Mr. DeAtley's abusive litigation strategies expose the defendants to the need to incur significant costs.  Mr. DeAtley has failed to comply with the order of the court intended to ensure that Mr. DeAtley provides a reasonable level of insurance that the defendants can be compensated for costs imposed on them as a result of the abusive litigation strategy of

Mr. DeAtley.

3. The plaintiff's culpability - Mr. DeAtley is solely responsible for his own abusive litigation strategy.  The ensuing costs likely to be incurred by the defendants are attributable exclusively to Mr. DeAtley and his abusive litigation strategy.  Mr. DeAtley refuses to provide any reasonable assurance that the defendants could recover costs imposed on them as a result of his abusive litigation strategy.  The record demonstrates that Mr. DeAtley bears a high level of culpability.

4. Warning that dismissal is a sanction for non-compliance - In the recommendation [#51] of the magistrate judge, Mr. DeAtley was notified effectively that dismissal of his complaint is a likely consequence of his failure to comply with the order to post a cost bond.  Mr. DeAtley filed no objection or other response to the recommendation.

5. Efficacy of lesser sanctions - Reasonably, the magistrate has concluded that the defendants likely will incur substantial costs in presenting a defense, particularly in light of the abusive litigation strategy of Mr. DeAtley.  As a result, the magistrate judge required Mr. DeAtley to post a bond to provide some security that the defendants could recover those costs from Mr. DeAtley if they are awarded by the court.  Mr. DeAtley says he cannot meet this reasonable requirement.  In this context, it is not possible to divine a lesser sanction that will motivate Mr. DeAtley to comply with the lawful order of the court.

In sum, each of the *Ehrenhaus* factors weigh in favor of dismissal of this case as a sanction for the failure of Mr. DeAtley to comply with the order of this court.  However, dismissal without prejudice is sufficient.  Should Mr. DeAtley determine that he can and will comply with the order of the court, he then may re-file this case if he chooses to do

so. Thus, I approve and adopt the recommendation of the magistrate judge.

In their objections [#54], the defendants argue this case should be dismissed with prejudice because Mr. DeAtley has not complied with the certificate of review requirement of §13-20-602, C.R.S.   In a previous order [#43], the magistrate judge addressed this motion.  Apparently in response to the motion to dismiss, Mr. DeAtley filed a certificate of review, which the magistrate judge found not to be in compliance with the requirements of §13-20-602, C.R.S.  Given the *pro se* status of Mr. DeAtley, the magistrate judge granted to Mr. DeAtley additional time to bring his certificate of review into compliance.  The magistrate judge ordered Mr. DeAtley to disclose the identity of the licensed professional he consulted to support the certificate of review and to provide the analysis of that professional in support of the certificate of review.   *Order* [#43] p. 8.

Mr. DeAtley filed a response [#47] to the order of the court and provided supplemental information about the professional he consulted and the bases for the opinions of that professional, as reflected in the certificate of review.  The defendants filed a supplement [#53] to their motion to dismiss, addressing the supplement [#47] filed by Mr. DeAtley, and Mr. DeAtley filed a response [#55].

The defendants contend the certificate of review still is not sufficient.  On this basis, they contend this case should be dismissed with prejudice.  Assuming without deciding that the supplemented certificate of review still is not sufficient, I do not agree that such a circumstance mandates dismissal of this case with prejudice.   §13-20-602, C.R.S., does not require dismissal with prejudice, and there is no indication that this ultimate sanction somehow would be efficacious when dismissal without prejudice would not.  Because I dismiss this case without prejudice, I overrule the objections [#54] of the defendants and deny the motion [#30] to dismiss for failure to file a certificate of review

6

as moot.

      **THEREFORE, IT IS ORDERED** as follows:

      1.  That the recommendations stated in the **Recommendation of United States Magistrate Judge and Order** [#51] filed November 15, 2013, are **APPROVED** and **ADOPTED** as an order of this court;

      2.  That this case is **DISMISSED** without prejudice as a sanction for the failure of the plaintiff to comply with the order [#43] of this court requiring the plaintiff to post a cost bond;

      3.  That the **Defendants' Motion To Dismiss for Failure To File Certificate of Review** [#30] filed August 14, 2013, is **DENIED** as moot;

      4.  That under FED. R. CIV. P. 58, judgment **SHALL ENTER** against the plaintiff, Alan DeAtley, in favor of the defendants, Martin Stuart and Jolie Masterson; and

      5.  That the defendants are **AWARDED** their costs to be taxed by the clerk of the court in the time and manner required under Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

      Dated February 24, 2014, at Denver, Colorado.

      **BY THE COURT:**

Robert E. Blackburn
United States District Judge